# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| TERRY JAMES SHAFER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:14-CV-1785 |
| ) | |
| CAROLYN W. COLVIN, ACTING ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on the Complaint (DE #1) and the Application to Proceed in District Court Without Prepaying Fees or Costs (DE #2), both filed by Plaintiff, Terry James Shafer, on August 12, 2014. For the reasons set forth below, the Court:

(1) **DENIES** the Application to Proceed in District Court Without Prepaying Fees or Costs (DE #2);

(3) **GRANTS** Plaintiff, Terry James Shafer, until **November 3, 2014,** to pay the $400.00 filing fee; and

(3) **CAUTIONS** Plaintiff, Terry James Shafer, that if he does not respond by that date, this case will be dismissed without further notice for non-payment of the filing fee.

BACKGROUND

Plaintiff, Terry James Shafer ("Shafer"), initiated this case by filing a complaint pursuant to 42 U.S.C. section 405(g) on August 12, 2014. (DE #1.) That same day, Shafer also filed his application seeking to proceed *in forma pauperis* ("IFP"). (DE #2.) In his complaint, Shafer states that his application for social security disability benefits was denied by the Appeals Council; he has attached the Appeals Council Notice, dated May 15, 2014, to the complaint. (*Id*. at 4-7.) The complaint also states that, "[o]n July 13, 2014, a request for an extension to file in federal court was made to the Appeals Council. . . . This request is still pending." (*Id*. at 1.) Shafer has attached the letter requesting an extension from the Appeals Council to the complaint as well as fax coversheets showing that he faxed the letter to the Appeals Council on July 14, 2014. (*Id*. at 9-11.) The complaint states that Shafer is disabled and that the "conclusions and findings of fact of the Defendant are not supported by substantial evidence and are contrary to law and regulation." (*Id*. at 1-2.) In his IFP application, Shafer states that he is not employed but receives income of $1,758 from VA disability payments. (DE #2, p.1.) He states that he has $2,500 in a checking account and owns a vehicle valued at $8,000. (*Id*. at 2.) He lists expenses totaling $1,204. (*Id*.)

ANALYSIS

The IFP statute, 28 U.S.C. section 1915, allows an indigent plaintiff to commence a civil action without prepaying the administrative costs (e.g. filing fee) of the lawsuit. See 28 U.S.C. § 1915(a)(1); see also *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). When presented with an IFP application, the district court makes two determinations: (1) whether the suit has sufficient merit; and (2) whether the plaintiff's poverty level justifies IFP status. See *Denton*, 504 U.S. at 27; *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 757 (7th Cir. 1988). The screening court must deny the IFP application and dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim that "no reasonable person could suppose to have any merit" is considered frivolous. *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). Additionally, when a valid affirmative defense is clear and unmistakable from the face of a complaint, the screening court may dismiss the suit as frivolous before requiring a defendant to answer. *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002).

Federal civil actions brought to review a final decision of

3

the Commissioner in Social Security cases are subject to a sixty (60) day statute of limitations. See 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner . . . to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner . . . may allow."); see also *Bowen v. City of New York*, 476 U.S. 467, 479-81 (1986). Regulations provide that "the date of receipt of notice of denial of request for review . . . shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c). A party may seek an extension of time to file an action in Federal court, but that written request must be filed with and granted by the Appeals Council first in order to validly extend the deadline. See 20 C.F.R. § 404.982.[1] In certain rare circumstances, equitable tolling can excuse a late filing but only when the plaintiff can show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).[2]

---

[1] The time period will only be extended by the Appeals Council if good cause to do so has been shown by the plaintiff. See 20 C.F.R. § 404.911.

[2] For example, the Supreme Court has stated that equitable tolling may be appropriate "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass" but not in situations where "the claimant failed to exercise due diligence in preserving his legal rights." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990) (internal footnotes and citations omitted).

Here, as to the financial prong, Shafer indicates that he has no dependents and an income from VA disability payments of $1,758 per month. The annualized value of that income stream is $21,096. The poverty guideline for a family of one living in Indiana is $11,670 per year. HHS Poverty Guidelines, 79 Fed. Reg. 3593 (January 22, 2014). Shafer's income is significantly more than the poverty level. Therefore the IFP application will be **DENIED**, and he will be required to pay the filing fee before proceeding with this lawsuit.

Additionally, the Court notes that it is not clear whether the complaint has been timely filed. Because the Appeals Council Notice is dated May 15, 2014, Shafer had until July 21, 2014,[3] to file his complaint in federal court. He did not do so until August 12, 2014. Therefore, it appears that his complaint is untimely unless the Appeals Council has agreed to extend the deadline for filing. Shafer has indicated that the request for an extension is still "pending." While this Court is without authority to proceed unless or until the request has been approved, it is not clear and unmistakable from the face of the complaint that the action is untimely (i.e. the status of the request may have since changed). Therefore, the Court declines to dismiss the action as frivolous at this time.

---

[3] Date of receipt of the notice is presumed to have been May 20, 2014. Sixty days after that date was July 19, 2014; however, as that date fell on a Saturday, filing was required by the next business day of July 21, 2014.

CONCLUSION

For the reasons set forth above, the Court:

(1) **DENIES** the Application to Proceed in District Court Without Prepaying Fees or Costs (DE #2);

(3) **GRANTS** Plaintiff, Terry James Shafer, until **November 3, 2014,** to pay the $400.00 filing fee; and

(3) **CAUTIONS** Plaintiff, Terry James Shafer, that if he does not respond by that date, this case will be dismissed without further notice for non-payment of the filing fee.

**DATED: October 3, 2014**          /S/RUDY LOZANO, Judge
                                    **United States District Court**